UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELG UTICA ALLOYS, INC.,

                Plaintiff,                                6:16-cv-1523 (BKS/ATB)

v.

NIAGARA MOHAWK POWER CORP. d/b/a National Grid, SPECIAL METALS CORP., GENERAL ELECTRIC COMPANY, EMPIRE RECYCLING CORP., and CHICAGO PNEUMATIC TOOL COMPANY, LLC,

                Defendants.

---

NIAGARA MOHAWK POWER CORP. d/b/a National Grid,

                Third-Party Plaintiff,

v.

CBS CORPORATION (successor-in-interest to Westinghouse Electric Corporation),

                Third-Party Defendant.

---

**Appearances:**

*For Plaintiff:*
David P. Flynn
David L. Cook
Robert Reagan
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, NY 14203

*For Defendant Niagara Mohawk Power Corp. d/b/a National Grid:*
Yvonne E. Hennessey
Barclay Damon LLP
80 State Street
Albany, NY 12207

*For Defendant Special Metals Corp.:*
Doreen A. Simmons
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

*For Defendant General Electric Company:*
Kristin Carter Rowe
Dean Sommer
Young/Sommer LLC
Executive Woods
Five Palisades Drive
Albany, NY 12205

*For Defendant Empire Recycling Corp.:*
Gary S. Bowitch
Law Office of Gary S. Bowitch
13 Willow Street
Castleton, NY 12033

*For Defendant Chicago Pneumatic Tool Company, LLC:*
Agnes Antonian
Connell Foley, LLP
56 Livingston Avenue
Roseland, NJ 07068

*For Third-Party Defendant CBS Corporation (successor-in-interest to Westinghouse Electric Corporation):*
Marc J. Felezzola
James D. Mazzocco
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center
603 Stanwix Street, 8th Floor
Pittsburgh, PA 15222

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER**

**I.   INTRODUCTION**

Plaintiff ELG Utica Alloys, Inc. brought this action asserting claims pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601–9675, and under New York State law.  (Dkt. No. 43).

2

Plaintiff's claims related to the release or threatened release of hazardous substances at the location of a former "metal recycling operation" in Utica, New York (the "Site").  (*Id.* ¶¶ 1–2). Plaintiff sought to hold Defendants Niagara Mohawk Power Corp. d/b/a National Grid ("National Grid"), Special Metals Corp. ("SMC"), General Electric Company ("GE"), Empire Recycling Corp. ("ERC"), and Chicago Pneumatic Tool Company, LLC ("CP") liable for their share of approximately $6,700,000 in "past response costs and other damages . . . incurred from 2012 to date" and "future response costs and damages."  (*Id.* ¶¶ 1, 9).

On March 27, 2023, the Court issued a decision granting the joint motion of Defendants and Third-Party Defendant CBS Corporation (successor-in-interest to Westinghouse Electric Corporation) for summary judgment on Plaintiff's federal claims.  (Dkt. No. 274).  The Court also granted in part Defendants' motion for spoliation sanctions.  (*Id.*).  After further briefing, the Court issued a decision on September 7, 2023, which denied Defendants' request to dismiss Plaintiff's remaining State law claims as a sanction and directed the parties to meet and confer regarding an amicable resolution of attorney's fees.  (Dkt. No. 293).  On October 2, 2023, the parties filed a stipulation as to agreed-upon attorney's fees, which the Court so-ordered.  (Dkt. Nos. 299–300).

With no further pending matters in the case, the Court entered the following Judgment and closed the case:

> Defendants' motion for summary judgment (Dkt. No. 246) is GRANTED. It is further ORDERED that Plaintiff's CERCLA Section 107(a) claim (Count I), CERCLA Section 113(f)(1) claim (Count II), and declaratory judgment claim (Count IV) are DISMISSED with prejudice.  It is further ordered that the State Law claims (Counts III and V) in the Amended Complaint are dismissed without prejudice, all in accordance with the Orders of the Honorable Brenda K. Sannes issued March 27, 2023 and October 2, 2023.

(Dkt. No. 301).

3

On October 2, 2023, Plaintiff filed a motion for "clarification" regarding the Court's March 27, 2023 summary judgment decision. (Dkt. No. 302). On November 2, 2023, Defendants filed a joint response in opposition to Plaintiff's motion. (Dkt. No. 308). Plaintiff has also moved for leave to file a reply. (Dkt. No. 310). The Court will grant the latter motion and consider the reply, (Dkt. No. 309). However, Plaintiff's motion for clarification is denied, for the reasons that follow.

## II. BACKGROUND

The Court assumes familiarity with the factual and legal background and findings set forth in the March 27, 2023 decision. (Dkt. No. 274). As relevant here, the Court granted summary judgment on Plaintiff's claim pursuant to Section 107 of CERCLA, finding that it was untimely because the "single-remediation principle" applied to the 23-acre Site at issue and Plaintiff failed to bring suit within six years of a remedial action that occurred at the Site in 2007. (*Id.*, at 49). The Court also granted summary judgment on Plaintiff's contribution claim pursuant to Section 113(f)(1) of CERCLA because Plaintiff had not been sued under Sections 106 or 107 of CERCLA. (*Id.*, at 52). Having granted Defendants summary judgment on Plaintiff's CERCLA claims, the Court dismissed Plaintiff's related declaratory judgment claim. (*Id.*, at 53).

## III. DISCUSSION

Plaintiff now seeks clarification of the Court's summary judgement decision, specifically "an Order clarifying that, in granting summary judgment to Defendants on Plaintiff's CERCLA and declaratory judgment claims, the Court's application of the single-remediation principle does not limit ELGUA's rights to seek recovery or contribution for costs to address contamination located outside the Site." (Dkt. No. 302-1, at 5). Defendants argue that Plaintiff's motion is untimely and without merit. (Dkt. No. 308).

4

In general, clarification is only warranted where a decision is unclear or ambiguous. *See Fero v. Excellus Health Plan, Inc.*, 502 F. Supp. 3d 724, 747 (W.D.N.Y. 2020). That is not the case here. The Court's decision speaks for itself. Plaintiff appears to seek an assurance that it can still pursue off-Site recovery and contribution. But to the extent Plaintiff seeks a ruling on potential future claims, the Court cannot issue such an advisory opinion. *See Abele v. Markle*, 452 F.2d 1121, 1124 (2d Cir. 1971) ("It is settled that advisory opinions may not be given by federal courts."). And to the extent Plaintiff seeks reconsideration of the Court's summary judgment decision, such an application would be untimely. *See* N.D.N.Y. L.R. 60.1 ("a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree"). Finally, to the extent the motion could be construed as seeking relief pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff has not provided a valid basis to alter or amend the October 2, 2023 Judgment. *See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) ("A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (cleaned up) (citing cases).

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for leave to file a reply (Dkt. No. 310) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for clarification (Dkt. No. 302) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 14, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

5